IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA, ABINGDON DIVISION

MICHAEL EDEN,
On behalf of himself
And all others similarly situated,

    Plaintiff,

v.                                  Civil Action No. 1:23CV00045

JOHNSON & ROUNTREE
PREMIUM, INC.,

    Defendants.

## CLASS ACTION COMPLAINT

**COMES NOW**, Michael Eden, on behalf of himself and all others similarly situated, by counsel Eric J. Buckner and Katz, Kantor, Stonestreet & Buckner, PLLC and for this complaint against Defendants states as follows:

    1.    This case arises from the abusive and unlawful attempt to collect a debt by refusing to follow the requirements of the federal Fair Debt Collection Practices Act ("FDCPA").  Plaintiff Michael Eden, on behalf of himself and all others similarly situated, alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. ("FDCPA") by using form FDCPA debt validation disclosure notice collection letter that contradicts and makes inaccurate and false representations with respect to the FDCPA's § 1692g cornerstone debt validation disclosure requirements. In the same form collection letter by which Defendant attempted to provide the §1692g thirty-day debt validation notice, Defendant demanded payment within the thirty-day validation period, in violation of long-standing precedent from this Circuit. The debt collectors further failed to

1

advise the consumer about rights to dispute the debt and the timelines for payment while attempting to collect the alleged debt. Plaintiff brings this claim on behalf of himself and all others similarly situated to prevent the unlawful attempts to collect debt.

## THE PARTIES

2. The Plaintiff, Michael Eden, is a resident of Tazwell County, Virginia, who brings this action in his own right and as a representative of a class of consumers more particularly defined herein.

3. Plaintiff is a "consumer" as defined by Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692a(3).

4. The Defendant, Johnson & Rountree Premium, Inc. (herein "Johnson & Rountree") is a limited liability corporation created under the laws of California with its principal offices located at 9245 Activity Rd, Ste 205, San Diego, CA 92126.

5. Johnson & Rountree is a "'debt collector," as defined under the FDCPA by 15 U. S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. This action, in part, arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) found at 15 U.S.C. 1692 *et seq*. and its illegal efforts to collect a consumer debt from Plaintiff. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

7. The jurisdiction of this Court is conferred by the federal question arising from Defendant's violations of the FDCPA.

8. Venue is proper for this Court because acts and transactions at issue

occurred in Tazwell County, Virginia where the Plaintiff resides.

## OPERATIVE LAW

9. The rights and obligations established by 15 U.S.C. § 1692g for validation of debts disclosure requirements were considered by the Senate to be a significant feature of the federal Fair Debt Collection Practices Act. As the Fourth Circuit has stated, "Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Congress, 1st Sess. 4, 8; *Miller v. Payco General American Credits, Inc*, 943 F.2d 482, 484 (4th Cir. 1991).

10. The validation notice consists of statements required by the FDCPA that inform the consumer how to obtain verification of the debt. *Id.* at 453. The debt validation provisions of § 1692g serve the important purpose of ensuring that consumers receive notice of their rights of verification and to dispute the debt. *Russell v. Absolute Collection Services*, 763 F.3d 385, 394 (4th Cir. 2014).

## OPERATIVE FACTS

11. Plaintiff had a long-term and short-term disability policies for personal, family, and household purposes through his employer via NYL Group Benefit Solutions.

12. Plaintiff was injured at work and utilized his disability insurance for personal, family, and household purposes.

13. Plaintiff was later found to be disabled by the Social Security Administration and provided with benefits.

14. Plaintiff's insurance provider – NYL Group Benefit Solutions –

retained Johnson & Rountree Premium, Inc. to seek repayment based upon the disability insurance policy beginning May 22, 2023.

15. Johnson & Rountree's letter stated that Plaintiff could only dispute the debt "in writing."

16. Johnson & Rountree's May 22, 2023 letter did not advise Plaintiff that it was a debt collector attempting to collect a debt.

17. A contradiction exists between Johnson & Rountree's requirement that disputes must be made in writing and the language of the validation notice required by 15 U.S.C. § 1692g.

18. The contradiction could confuse or mislead the least sophisticated consumer into disregarding or losing his/her right under the validation notice.

19. By including in the validation notice the demands for written disputes only in the thirty day validation period, Johnson & Rountree used a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

## CLASS ALLEGATIONS

20. Plaintiff brings this action individually and on behalf of all others similarly situated.

21. The class of consumers represented by Plaintiff against Johnson & Rountree in this action are defined as:

> All persons who were sent collection letters on or after May 22, 2023 by Johnson & Roundtree where the notice indicated that any dispute had to be submitted in writing in an attempt to collect a debt that was incurred primarily for personal, household, or family purposes.

22. Johnson & Rountree has corporate policies and procedures regarding the

collection of debts allegedly owed by consumers such as Plaintiff. Johnson & Rountree carries out its policies and procedures using standardized collection activities, including the use of standardized letters.

23. The class can be readily identified by collection activity logs, claim records and computer storage devices or databases maintained by Johnson & Rountree and/or its employees, representatives or agents.

24. The class is so numerous that joinder of all class members is impracticable.

25. The precise number of class members and their addresses are unknown to Plaintiff; however, they are readily available from Johnson & Rountree's records. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

26. This action involves questions of law and fact common to the class which predominate over questions affecting individual class members.

27. Plaintiff's claims are typical of the claims of the class because, among other things, Plaintiff, like the other members of the class, was subjected to a claim by Johnson & Rountree that they were only allowed to dispute their alleged debts in writing and received the same or nearly identical letters as all other class members.

28. Plaintiff has displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interest of the class, and is represented by skillful and knowledgeable counsel. Plaintiff's interests do not conflict with those of the class, and the relief sought by Plaintiff will inure to the benefit of the class generally.

29. The questions of law and fact that are common to the class members predominate over questions affecting only individual members, and a class action

is superior to other available methods for the fair and efficient adjudication of the controversy between the class members and Johnson & Roundtree.

30. Johnson & Rountree's actions are generally applicable to the class as a whole and to Plaintiff. For example, the class members can prove the elements of their claims against Johnson & Rountree for violations of the FDCPA on a class-wide basis using the same evidence that Plaintiff and individual class members would use to prove those claims in individual civil actions.

31. Additionally, the damages or other financial detriment suffered by individual class members is relatively small compared to the burden and expense that would be required to individually litigate each of the class member's claims against Johnson & Rountree, and it would be impracticable for the class members to individually seek redress for Johnson & Rountree's wrongful conduct.

32. Even if the members of the class could afford individual litigation, given the expected size of the class, separate litigation of each class member's claims against Johnson & Rountree would create the potential for inconsistent and/or contradictory judgments, and cause delay and increase the expenses for the parties and the court in adjudicating the claims against Johnson & Rountree. Conversely, a class action will prevent far fewer management difficulties; provide the benefits of a single adjudication; conserve time, effort and expense; employ comprehensive and cohesive supervision by a single court; and provide a forum for small claimants.

33. The prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudications with respect to

individual class members which would establish incompatible standards of conduct for Johnson & Rountree. Moreover, the likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

34. Johnson & Rountree have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the members of the class as a whole.

35. Any difficulties in management of this case as a class action are outweighed by the benefits that a class action has to offer with respect to disposing of common issues of law and fact on issues affecting a large number of litigants.

36. The damages in this case are set by statute and generally preclude the necessity of a case-by-case assessment of damages by the court. To the extent case-by-case assessment is necessary, Johnson & Rountree maintains computerized individual account information, and that information can easily be reviewed and assessed electronically. Plaintiff is unaware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership as described above.

37. Plaintiff's claims are typical of those of the class as a whole, and Plaintiff is capable of representing and willing to represent the other members of the class.

## COUNT I

### INDIVIDUAL AND CLASS CLAIMS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. The attempt by Defendant to collect alleged debt from Plaintiff and the class of persons he represents violates 15 U.S.C. §1692 of the FDCPA.

39. Chapter 15 U.S.C. § l692e states the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of debt.

40. The Defendant violated Chapter 15 U.S.C. §1692e by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector in violation of 15 U.S.C.A. § 1692e(11)

41. 15 U.S.C. § l692g outlines the type of notice debt collectors must provide consumers in initial communications regarding the debt.

42. Johnson & Rountree violated § 1692g by misleading the Plaintiff by failing to disclose in the initial written communication that the debt may be disputed by means other than in writing.

43. By reason thereof, Johnson & Rountree is liable to Plaintiff and the class of persons he represents for judgment that the conduct of Johnson & Rountree violated Section 1692e *et seq.* and § 1692g *et seq.* of the FDCPA, as well as actual damages, statutory damages, costs and attorney fees.

### COUNT II

**INDIVIDUAL CLAIMS FOR VIOLATIONS OF THE FAIR DEBT**

## COLLECTION PRACTICES ACT

44. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

45. The attempt by Defendant to collect alleged debt from Plaintiff violates 15 U.S.C. §1692 of the FDCPA.

46. Chapter 15 U.S.C. § l692e states the debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of debt.

47. The Defendant violated Chapter 15 U.S.C. §1692e by failing to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector in violation of 15 U.S.C.A. § 1692e(11).

48. 15 U.S.C. § l692g outlines the type of notice debt collectors must provide consumers in initial communications regarding the debt.

49. Defendant violated § 1692g by misleading the Plaintiff by failing to disclose in the initial written communication that the debt may be disputed by means other than in writing.

50. By reason thereof, Defendant is liable to Plaintiff for judgment that the conduct of Defendant violated Section 1692e *et seq.* and § 1692g *et seq.* of the FDCPA, as well as actual damages, statutory damages, costs and attorney

fees.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff and each member of the class he represents demand the following relief:

A. That actual damages and the statutory penalty pursuant to 15 U.S.C §1692k(a)(2)(A) be awarded to Plaintiff and each member of the class he represents for violation of the FDCPA;

B. That Defendant be ordered to pay reasonable attorney fees and costs pursuant to the provisions of 15 U.S.C. §1692k(a)(3);

C. That Defendant be ordered to account for all amounts collected from the class and reimburse each such member of the class all monies collected with interest thereon for the one-year period preceding the filing of this action; and

D. For such other and further relief as the Court may deem appropriate.

**Michael Eden, on behalf of himself and all others similarly situated,**

*BY COUNSEL*

*/s/ Eric J. Buckner*
Eric J, Buckner (VASB #94030)
KATZ, KANTOR, STONESTREET, & BUCKNER, PLLC
206 South Walker Street
Princeton, WV  24740
Phone: (304) 431-4050
ebuckner@kksblaw.com

*Counsel for Plaintiff*